■ ELIZABETH ZALAK, Individually, and as Guardian ad Litem for LORRAINE ZALAK, an Infant, Respondent, v. GEORGE CARROLL et al., Appellants. — In an action to recover damages for personal injury sustained by the infant plaintiff when a swing set on the premises of the defendants upon which she was playing fell over upon her; and by her mother to recover damages for medical expenses and loss of services, the defendants appeal from a judgment of the Supreme Court, Suffolk County, entered July 9, 1963 upon the court's decision after a nonjury trial, in the plaintiffs' favor. Judgment reversed on the law and the facts, with costs, and complaint dismissed. Findings of fact inconsistent herewith are reversed and new findings are made as indicated herein. At the time of the accident, the infant plaintiff was being cared for by the defendants (her aunt and uncle), while her mother worked. Although originally the defendants were paid $15 per week for caring for the infant, the defendants declined further payment when, some four months prior to the accident, the mother's employment changed from a full-time to a part-time basis and her income was substantially reduced. Thus, at the time of the accident, the defendants were receiving no compensation for taking care of the infant plaintiff. In our opinion, the infant plaintiff was on the defendants' premises as a social guest or licensee at the time of the accident and not as an invitee as found by the trial court (cf. Restatement, Torts, § 331; Plotz v. Greene, 13 A D 2d 807, affd. 10 N Y 2d 991; Bernal v. Baptist Fresh Air Home Soc., 275 App. Div. 88, affd. 300 N. Y. 486). Accordingly, the defendants owed her only (a) the duty to exercise reasonable care to disclose dangerous defects known to them and not likely to be discovered by the plaintiff, and (b) the duty to abstain from inflicting intentional, wanton or willful injury (Fauci v. Milano, 15 A D 2d 939, affd. 12 N Y 2d 926). No such breach of duty was established. Contrary to the finding made by the trial court, we find no evidence that the defendants had any knowledge prior to the accident that the swing set was not safe. Consequently, there is no basis upon which the judgment for the plaintiffs may be sustained. Ughetta, Acting P. J., Kleinfeld, Brennan, Hill and Hopkins, JJ., concur.